This is an appeal from the rejection by the receivers in the above-entitled matter of a claim for storage charges on about two hundred and fifty barrels of ale stored in a portion of the cellar of a building sold by the receivers to the National Cold Storage Company. The claim is for $19,200, with interest on $600 from the end of each month beginning with the month terminating February 5th, 1925, and ending September 5th, 1927. The proof of claim alleges — first, that the receivers hired the basement, all of it, at a rental of $600 per month; and second, that said basement, all of it, was used and occupied by receivers during the said period and that the use is reasonably worth $600 per month.
The facts are in dispute, but, after a careful consideration of the testimony and briefs of counsel, I find them to be as outlined hereafter in this opinion. When title was closed between the receivers and the National Cold Storage Company *Page 399 
on December 6th, 1924, a memorandum was dictated by Mr. Harrison, counsel for the receivers, in the presence of all parties concerned. It contains the following paragraph:
"Approximately 250 barrels of ale, stored in cellar of building K may remain for sixty days within which time same is to be removed. National Cold Storage, c., Company will assume no responsibility for custody or care of ale."
I therefore find that the receivers are not responsible for storage or rent during those sixty days. The receivers were unable to dispose of the ale because of a decree of the United States district court for the district of New Jersey, which directed them "to safely keep said ale in their possession subject to the further orders of this court."
This necessitated the keeping of the ale for nearly three years before it could be destroyed. There is nothing in the testimony to lead me to the conclusion that the relation of landlord and tenant existed between the receivers and the storage company. In the memorandum above quoted the company expressly repudiated any responsibility, which is certainly an incident of that relationship. The whole testimony shows that the receivers did not recognize an obligation for any fixed rent for any certain period.
However, the fact remains that the ale remained in the cellar of the storage company for a considerable time, through no fault of the storage company. I think it is entitled to reasonable compensation for the space actually occupied by the ale after the expiration of the sixty days mentioned above. I do not think it is entitled to remuneration for the whole cellar. The testimony shows that the storage company had at least as much access to the cellar, except the room partitioned off for the ale, as the receivers.
I shall find that the storage company is entitled to remuneration at the prevailing rate for common storage for the room actually occupied by the ale. It occupied seven hundred and twenty square feet. The common rate is fifty cents per square foot per year. This, as I understand the testimony, *Page 400 
would make the charge $930. If my mathematical calculations are correct, I will advise a decree accordingly. If not, I will advise a decree according to this opinion, the figures to be corrected to conform thereto. No interest will be allowed.